IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WALTER H. HOLLOWAY, Victim of Political Enforcement of Leadership with Military Background;<br><br>Plaintiff,<br><br>vs.<br><br>LANCASTER COUNTY/SHERIFF-POLICE, DOUGLAS COUNTY/SHERIFF-POLICE, SARPY COUNTY/SHERIFF-POLICE, and NEBRASKA U.S. MAIL SYSTEM,<br><br>Defendants. | 8:22CV411<br><br>MEMORANDUM AND ORDER |

Plaintiff, a non-prisoner, has been granted leave to proceed in forma pauperis. Filing No. 5. The Court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff's Complaint, Filing No. 1, is incomprehensible. Plaintiff's stated basis for this Court's jurisdiction is as follows:

> No border police on counties, reduce mail to courts. . . . Why are veterans misplaced in the City of Omaha. They are being used as a force. The case is a protection order in divorce court of a white collar robbery of husband or wife close court divorce. . . . Out of county court case in Sarpy County on a military base or Covid-19-Coronavirus restricted court. To take millions to billions from claims the party is insane from 1 beer out on the town with the snitch.

*Id*. at 3 (spelling & capitalization corrected). Plaintiff describes his claim as: "They kidnap me as a child 43rd Maple St. and got me whenever they felt like it until I fought back by all means necessary. Yes I had to protect myself until persons died, then it was ruled self-defense." *Id*. at 4 (spelling & capitalization corrected). Finally, Plaintiff asks for the

following relief: "I do not care about research property that will never be mine. I ask to leave me the fuck alone and let me live my life in peace. Yes I want a court order for guns and shells with a plane ticket out of insanity." Id. (spelling & capitalization corrected).

To the extent Plaintiff's later-filed correspondence, Filing No. 8; Filing No. 9, could be considered amendments to his Complaint, Fed. R. Civ. P. 15(a)(1), they are even more unintelligible than the Complaint, consisting of rambling narratives, lists, and random documents.

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d

968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Because this Court can identify no federal statutory or constitutional provision that would give rise to a plausible claim for relief against any named defendant, and because Plaintiff's allegations are completely unintelligible and without a factual or legal basis, this action should be dismissed on initial review.[1] See Denton v. Hernandez, 504 U.S. 25, 32-34 (1992) (court may dismiss complaint of plaintiff proceeding in forma pauperis as frivolous and may disregard clearly baseless, fanciful, fantastic, or delusional factual allegations); Jones v. Norris, 310 F.3d 610, 612 (8th Cir. 2002) (dismissing complaint as frivolous and stating that "[a] complaint is frivolous when it lacks an arguable basis in either law or fact" (citing Neitzke v. Williams, 490 U.S. 319, 325 (1989))). Plaintiff will not be granted leave to amend his Complaint because such amendment would be futile. See

---

[1] The Court notes that numerous actions filed by Plaintiff in this Court have been dismissed as frivolous. See Holloway v. Phone Tech, No. 8:22CV259, 2022 WL 13823656 (D. Neb. Oct. 21, 2022); Holloway v. Holloway, No. 8:21CV334, 2021 WL 4307110 (D. Neb. Sept. 22, 2021); Holloway v. Vetran's Affs. United State Gov't, of Tialand Refugee's within U.S., No. 8:21CV141, 2021 WL 3492781 (D. Neb. Aug. 9, 2021); Holloway v. Held Records of DMV, Case No. 8:21CV207, 2021 WL 3287537 (D. Neb. Aug. 2, 2021); Holloway v. Fahey, No. 8:20CV490, 2021 WL 24716 (D. Neb. Jan. 4, 2021); Holloway v. Erasing How Off. Identity to Qualify for Bounty Hunters, No. 8:20CV480, 2021 WL 24715 (D. Neb. Jan. 4, 2021); Holloway v. Metro Bus, No. 8:20CV426, 2020 WL 6146468 (D. Neb. Oct. 20, 2020); Holloway v. DMV Dep't of Motor Vehicles, et al., Case No. 8:19CV326, 2019 WL 3554816 (D. Neb. Aug. 5, 2019); Holloway v. False Address to Avoid Relief of Court, Case No. 8:19CV127 (D. Neb. Apr. 19, 2019); Holloway v. Omaha Public Power District, et al., Case No. 8:18CV208, 2018 WL 2320644 (D. Neb. May 22, 2018); Holloway v. Maria, et al., Case No. 8:18CV135 (D. Neb. Apr. 10, 2018), aff'd, No. 18-1806 (8th Cir. Aug. 13, 2018); Holloway v. Maria, et al., Case No. 8:18CV108, 2018 WL 11308652 (D. Neb. Apr. 10, 2018), aff'd, No. 18-1857 (8th Cir. Aug. 13, 2018); see also Holloway v. 130% Loan Sharks, No. 8:21CV128, 2021 WL 1873461 (D. Neb. May 10, 2021) (dismissal for failure to state a claim); Holloway v. Brown, No. 8:20CV495, 2021 WL 917120 (D. Neb. Mar. 10, 2021) (dismissal for failure to state a claim); Holloway v. MUUD, et al., Case No. 8:18CV560 (D. Neb. Jan. 7, 2019) (dismissal for failure to prosecute and to comply with court orders); Holloway v. Omaha Work Staffing, et al., No. 8:18CV497, 2019 WL 77431 (D. Neb. Jan. 2, 2019) (dismissal for failure to state a claim).

*Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719-20 (8th Cir. 2014) (district courts can deny motions to amend when such amendments would be futile, such as claims that are frivolous or could not withstand a 12(b)(6) motion to dismiss); *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) ("frivolous claims are futile"); *Filipe v. FBI*, No. 8:18CV215, 2018 WL 11249338, at *1 (D. Neb. June 1, 2018) ("the court will dismiss this action as frivolous and with prejudice as the defects in the Complaint cannot be remedied through more specific pleading").

Accordingly,

IT IS ORDERED:

1. Plaintiff's Complaint, Filing No. 1, is dismissed with prejudice as frivolous.
2. Judgment will be entered by separate document.

Dated this 18th day of May, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

4